**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anna Hally Anderson, | No. CV20-02392-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Dwight P. Callahan, Pinal County Superior Court Judge, in his official capacity | |
| Defendant. | |

Plaintiff Anna Hally Anderson has filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 (Doc. 1). She has also filed an application to proceed in forma pauperis ("IFP") (Doc. 2), an amended IFP application (Doc. 9), and a motion to allow electronic filing (Doc. 6). The Court will grant Plaintiff's application for IFP status, screen her complaint, dismiss the complaint, and deny her motion for electronic filing.[1]

**I.  Plaintiff's IFP Application.**

Plaintiff submits an affidavit showing that she received a total monthly income of less than $200 in 2019 and 2020, has limited assets, and is several thousands of dollars in debt. Doc. 9 at 3-7. It is clear that Plaintiff cannot pay or give security for fees and costs

---

[1] Plaintiff filed a notice with the Court on December 9, 2020, indicating that she intended to file an amended complaint by the following week. Doc. 5 at 1. As far as the Court is aware, Plaintiff has not filed an amended complaint. As discussed below, any amendment would be futile.

and still provide herself with the necessities of life. *See Adkins v. E. I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1943). Plaintiff's motion for IFP status will be granted.

## II. Plaintiff's Complaint Must Be Dismissed With Prejudice.

### A. Screening Complaints in IFP Proceedings.

In IFP proceedings, a district court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief can be granted[.]" 28 U.S.C. § 1915(e)(2). Although most § 1915 applications concern prisoner litigation, § 1915(e) applies to all IFP proceedings. *See Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) (en banc). Section 1915(e)(2)(B)(ii) "not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id*. at 1127. A district court dismissing under this section "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Id*. at 1127-29 (citations omitted).

### B. Plaintiff's Complaint.

Plaintiff sues Pinal County Superior Court Judge Dwight P. Callahan for his conduct during custody proceedings involving Plaintiff's minor son in 2019. *See* Doc. 1. Plaintiff alleges that Judge Callahan violated her civil rights by, among other things, losing key documents, blocking Plaintiff from obtaining relevant evidence by denying her discovery motions, erring in child support calculations, drafting libelous statements about Plaintiff in written orders, and ordering Plaintiff to commit a felony by requiring her to put her child back on her health insurance. *Id.* ¶¶ 7-25. Plaintiff asserts two claims under § 1983: for deprivation of her constitutionally protected interest in a family relationship with her son under the Fourteenth Amendment, and for judicial misconduct and fraud. *Id.* ¶¶ 27-28. Plaintiff requests monetary damages and costs. *See id.* at 9.

### C. Plaintiff's Claims Are Barred by Judicial Immunity.

Judges are absolutely immune from § 1983 suits for damages for their judicial acts except when they are taken "in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)); *see*

*Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986).  An act is "judicial" when it is a function normally performed by a judge and the plaintiff dealt with the judge in his or her judicial capacity.  *Stump*, 435 U.S. at 362; *Crooks v. Maynard*, 913 F.2d 699, 700 (9th Cir. 1990).  This immunity attaches even if the judge is accused of acting maliciously and corruptly, *Pierson v. Ray*, 386 U.S. 547, 554 (1967), or of making grave errors of law or procedure, *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988).

The allegations against Judge Callahan describe conduct that clearly was judicial in nature, and Judge Callahan therefore is immune from liability.  *Stump*, 435 U.S. at 362.  The Court will dismiss Plaintiff's lawsuit.  Because Plaintiff's complaint cannot be cured by the allegation of other facts, leave to amend will not be granted.  *See Lopez*, 203 F.3d at 1127-29; *Foman v. Davis*, 371 U.S. 178, 182 (1962) (a district court may deny leave to amend where any amendment would be futile).

**IT IS ORDERED:**

1. Plaintiff's complaint (Doc. 1) is **dismissed with prejudice**.
2. Plaintiff's amended application for IFP status (Doc. 9) is **granted**.
3. Plaintiff's motion for electronic filing (Doc. 6) is **denied as moot**.
4. The Clerk is directed to terminate this action.

Dated this 13th day of January, 2021.

David G. Campbell
Senior United States District Judge